UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALLAS BUYERS CLUB LLC,<br><br>   Plaintiff,<br><br>  v.<br><br>DOE-73.202.228.252,<br><br>   Defendant. | Case No. 16-cv-00858-PSG<br><br>**ORDER GRANTING EX PARTE MOTION FOR LEAVE TO TAKE LIMITED DISCOVERY**<br><br>**(Re: Docket No. 4)** |

Plaintiff Dallas Buyers Club LLC, which owns the copyright for the movie of a similar name, alleges that an unnamed Defendant has infringed that copyright by copying and distributing the film without authorization.[1]  Ordinarily, Fed. R. Civ. P. 26(d)(1) precludes discovery before the conference required under the Fed. R. Civ. P. 26(f).  "[I]n rare cases, courts have made exceptions, permitting limited discovery to ensue after the filing of the complaint to permit the plaintiff to learn the identifying facts necessary to permit service on the defendant."[2]

Arguing that this is one of those rare cases, DBC moves ex parte for leave to take early discovery.[3]  In particular, DBC seeks to serve a subpoena on Defendant's Internet Service Provider, Comcast Cable, to ascertain Defendant's identity in order to serve him or her in accordance with Rule 4.  For the reasons set forth below, the motion is GRANTED.

---

[1] *See* Docket No. 1 at ¶¶ 4-23, 35-41.

[2] *Columbia Ins. Co. v. SeesCandy.com*, 185 F.R.D. 573, 577 (N.D. Cal. 1999).

[3] *See* Docket No. 4.

1
Case No. 16-cv-00858-PSG
ORDER GRANTING EX PARTE MOTION FOR LEAVE TO TAKE LIMITED DISCOVERY

**I.**

DBC is the registered copyright holder for the motion picture *Dallas Buyers Club*.[4] According to DBC's complaint, Defendant, using the IP address 73.202.228.252, distributed hundreds of copies of the film through the BitTorrent peer-to-peer file sharing protocol.[5] Over the course of a month, other BitTorrent users made over 300 connections to a computer located at Defendant's IP address to download the same copy of *Dallas Buyers Club*.[6] Through geolocation technology, DBC has traced each of those connections to this district.[7] DBC also has observed Defendant exchange a number of other copyrighted works over BitTorrent, so it infers that Defendant is an authorized user of the computer located at that IP address.[8] At the time of the infringement, Comcast managed the IP address at issue.[9] Since Comcast generally assigns IP addresses to the same user for long periods of time, DBC believes that Comcast's records can help DBC identify the subscriber, who in turn can likely name Defendant.[10]

DBC filed this complaint on February 20, 2016, alleging a single count of copyright infringement under the Copyright Act against a Doe defendant, identified only by his or her IP address.[11] While IP addresses provide a form of identification, "[t]raditionally, the default

---

[4] *See* Docket No. 1 at ¶¶ 4, 6. The work is registered under Registration Number PA 1-873-195. *See id.* at ¶ 6.

[5] *See id.* at ¶¶ 12, 14-15, 17. BitTorrent is called a "peer-to-peer" network because, instead of relying on a central server to distribute data directly to individual users, the BitTorrent protocol allows individual users to distribute data among themselves by exchanging pieces of the file with each other to eventually obtain a whole copy of the file. When using the BitTorrent protocol, every user simultaneously receives information from and transfers information to others. *See generally Columbia Pictures Indus., Inc. v. Fung*, 710 F.3d 1020, 1024-28 (9th Cir. 2013).

[6] *See* Docket No. 1 at ¶¶ 12-13, 15; Docket No. 1-1.

[7] *See* Docket No. 1 at ¶ 14.

[8] *See id.* at ¶¶ 17-20.

[9] *See id.* at ¶ 21.

[10] *See id.* at ¶¶ 21-22.

[11] *See id.* at ¶¶ 35-41.

2
Case No. 16-cv-00858-PSG
ORDER GRANTING EX PARTE MOTION FOR LEAVE TO TAKE LIMITED DISCOVERY

1  requirement in federal court is that the plaintiff must be able to identify the defendant sufficiently
2  that a summons can be served on the defendant. This requires that the plaintiff be able to ascertain
3  the defendant's name and address."[12]  Accordingly, DBC filed the instant motion two days later.[13]
4  The requested subpoena will be limited to the name and address of the individual or individuals
5  associated with Defendant's IP address.[14]

## II.

This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. DBC has consented to the jurisdiction of the undersigned magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 72(a).[15]

## III.

In the Ninth Circuit, exceptions to the general rule against expedited discovery are disfavored.[16] In general, courts in this district have required a plaintiff to show "good cause" before permitting early discovery.[17] But a district court always has jurisdiction to determine facts

---

[12] *Columbia Ins. Co.*, 185 F.R.D. at 577 (citing Fed. R. Civ. P. 4).

[13] *See* Docket No. 4.

[14] *See* Docket No. 4-1 at 2.

[15] *See* Docket Nos. 28, 31. Because Defendant has not yet been served, he or she is not yet a party under Section 636, and Defendant's consent is not required. *See Travelers Cas. & Sur. Co. of Am. v. Brenneke*, 551 F.3d 1132, 1135 (9th Cir. 2009) (quoting *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986)); *Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995); *Third World Media, LLC v. Does 1-1568*, Case No. 10-cv-04470, 2011 WL 4344160, at *3 (N.D. Cal. Sept. 15, 2011) (citing *Ornelas v. De Frantz*, Case No. 00-cv-01067, 2000 WL 973684, at *2 n.2 (N.D. Cal. June 29, 2000)).

[16] *See Wakefield v. Thompson*, 177 F.3d 1160, 1162 (9th Cir. 1999) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)); *see also Gomez v. Serv. Employees Int'l Local 87*, Case No. 10-cv-01888, 2010 WL 4704407, at *3 (N.D. Cal. Nov. 12, 2010).

[17] *E.g.*, *Apple Inc. v. Samsung Elecs. Co., Ltd.*, Case No. 11-cv-01846, 2011 WL 1938154, at *1 (N.D. Cal. May 18, 2011); *IO Grp., Inc. v. Does 1-65*, Case No. 10-cv-04377, 2010 WL 4055667, at *2 (N.D. Cal. Oct. 15, 2010); *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 280 F.R.D. 273, 275-77 (N.D. Cal. 2002).

relevant to whether or not it has personal jurisdiction.[18] As a result, "where the identity of alleged defendants will not be known prior to the filing of a complaint . . . the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear" that one of two conditions applies.[19] The first is where discovery would not uncover the identities sought.[20] The second is where the claim against the defendant could be dismissed on other grounds.[21] These conditions are imposed because "[p]eople who have committed no wrong should be able to participate online without fear that someone who wishes to harass or embarrass them can file a frivolous lawsuit and thereby gain the power of the court's order to discover their identity."[22]

In light of this guidance from the Ninth Circuit, this district has examined four factors in deciding whether a plaintiff has established good cause for discovery to ascertain a Doe defendant's identity.[23] First, the plaintiff must identify the missing party with enough specificity that the court can decide whether the defendant is a real person or entity who can be sued in a federal court.[24] Second, the plaintiff must name all previous steps it has taken to locate the

---

[18] *See Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977).

[19] *Gillespie*, 629 F.2d at 642; *see also Columbia Ins. Co.*, 185 F.R.D. at 573 ("With the rise of the Internet has come the ability to commit certain tortious acts, such as defamation, copyright infringement, and trademark infringement, entirely on-line. The tortfeasor can act pseudonymously or anonymously and may give fictitious or incomplete identifying information. Parties who have been injured by these acts are likely to find themselves chasing the tortfeasor from [ISP] to ISP, with little or no hope of actually discovering the identity of the tortfeasor. In such cases the traditional reluctance for permitting filings against John Doe defendants or fictitious names and the traditional enforcement of strict compliance with service requirements should be tempered by the need to provide injured parties with an forum in which they may seek redress for grievances.").

[20] *See Gillespie*, 629 F.2d at 642.

[21] *See id.*

[22] *Columbia Ins. Co.*, 185 F.R.D. at 578.

[23] *See id.* at 578-80.

[24] *See id.* at 578.

defendant to assure the court that the plaintiff has made a good-faith effort to identify the elusive defendant without court intervention.[25]  Third, the plaintiff must satisfy the court that the suit could withstand a motion to dismiss.[26]  Fourth, the plaintiff must state the reasons justifying the specific discovery requested and identify a limited number of persons or entities that will be affected by that discovery, including those on whom discovery process might be served and those whose identifying information the discovery is reasonably likely to uncover.[27]

DBC has satisfied each of these elements.  The IP address is specific enough to identify a single Defendant and to confirm that the court has jurisdiction over the Defendant because he or she is located in this district.[28]  DBC also has listed each step it has taken to track down Defendant and explained why the data it has gathered is insufficient to identify Defendant.[29]  Next, DBC has shown that its complaint is likely to withstand a motion to dismiss.  "Plaintiffs must satisfy two requirements to present a prima facie case of direct infringement: (1) they must show ownership of the allegedly infringed material and (2) they must demonstrate that the alleged infringers violate at least one exclusive right granted to copyright holders under 17 U.S.C. § 106."[30]  DBC has alleged that it owns the copyright to *Dallas Buyers Club*, and it has alleged that Defendant distributed the

---

[25] *See id.* at 579.

[26] *See id.*

[27] *See id.* at 580.

[28] *See 808 Holdings, LLC v. Collective of Dec. 29, 2011 Sharing Hash E37917C8EEB4585E6421358FF32F29CD63C23C91*, Case No. 12-cv-00186, 2012 WL 1648838, at *4 (S.D. Cal. May 4, 2012) ("[A] plaintiff identifies Doe defendants with sufficient specificity by providing the unique IP addresses assigned to an individual defendant on the day of the allegedly infringing conduct, and by using 'geolocation technology' to trace the IP addresses to a physical point of origin.").

[29] *See* Docket No. 1 at ¶¶ 12-22.

[30] *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1159 (9th Cir. 2007) (quoting *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013 (9th Cir. 2001)); *see* 17 U.S.C. § 501(a).

film without DBC's permission.[31]  Furthermore, DBC's proof that Defendant resides in this district[32] is enough—for now—to meet personal jurisdiction and venue requirements.  Lastly, DBC seeks only limited discovery on one party, Comcast.  DBC also has alleged that Comcast assigns IP addresses to single parties for extended periods,[33] which shows that the requested discovery is reasonably likely to lead to identifying information that will allow DBC to serve process on Defendant.  While other courts have rightly noted that the relationship between accused activity linked to an IP address and subscriber information associated with that IP address is imperfect at best,[34] this imperfection does not make it "clear," as our Circuit requires,[35] that the discovery sought would fail in uncovering the identity of individuals responsible for that activity.

DBC motion therefore is GRANTED as follows.

IT IS HEREBY ORDERED that DBC shall file a proposed subpoena and a proposed order, consistent with Civ. L.R. 7-2(c), by March 30, 2016.  The proposed order should specify that DBC will serve a copy of this order along with this subpoena.  Once the court approves the subpoena, DBC may serve it on Comcast Cable.

IT IS FURTHER ORDERED that Comcast Cable shall not assess any charge to DBC in advance of providing the information requested in the subpoena.  If Comcast Cable receives a subpoena and elects to charge for the costs of production, it shall provide a billing summary and cost reports that serve as a basis for such billing summary and any costs claimed.

IT IS FURTHER ORDERED that Comcast Cable shall preserve all subpoenaed information pending its delivering such information to DBC or the final resolution of a timely

---

[31] *See* Docket No. 1 at ¶¶ 4-10, 12-15, 35.

[32] *See id.* at ¶ 14.

[33] *See id.* at ¶¶ 21-22.

[34] *See VPR Internationale v. Does 1-1017*, Case No. 2:11-cv-02068, 2011 WL 8179128, at *1-2 (C.D. Ill. Apr. 29, 2011).

[35] *Gillespie*, 629 F.2d at 642.

filed and granted motion to quash the subpoena with respect to such information.

IT IS FURTHER ORDERED that any information disclosed to DBC in response to a subpoena may be used by DBC solely for the purpose of protecting its rights under the Copyright Act, 17 U.S.C. §§ 101 et seq.

**SO ORDERED.**

Dated: March 23, 2016

_____
PAUL S. GREWAL
United States Magistrate Judge

7
Case No. 16-cv-00858-PSG
ORDER GRANTING EX PARTE MOTION FOR LEAVE TO TAKE LIMITED DISCOVERY